UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **CLAUD FARMER, JOSE L. SALINAS,** and **RICARDO RODRIGUEZ,** Individually and on behalf of all others similarly situated, *Plaintiff*, v. **EXCELL OPERATING, INC., d/b/a EXCELL OPERATING COMPANY, INC., BULLZEYE OILFIELD SERVICE, LLC, THOMAS L. SWAREK, MICHAEL BOOTHE, KEITH MAXEY,** and **ZACKRY MAXEY** *Defendants*. | Civil Action No. 2:24-cv-00109 **JURY TRIAL DEMANDED** **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs' Claud Farmer, Jose L. Salinas, and Ricardo Rodriguez, Individually and on behalf of all others similarly situated ("Plaintiffs"), move for the entry of Final Default Judgment for Plaintiffs against Defendants Excell Operating, Inc., d/b/a Excell Operating Company, Inc. and Michael Boothe ("Defaulting Defendants"), and in support thereof shows the following:

### I.
### EVIDENCE IN SUPPORT OF DEFAULT JUDGMENT

The facts stated herein are more fully set forth in Plaintiffs' Original Collective & Class Action Complaint ("Complaint") (ECF No. 1) and are supported by the following exhibits, which are incorporated herein by reference: Declaration of Claud Farmer in support of damages (Exhibit 1); Declaration of Jose L. Salinas in support of damages (Exhibit 2); Declaration of Ricardo Rodriguez in support of damages (Exhibit 3); Declaration of Benito Carbajal in support of damages (Exhibit 4);

Declaration of Blayne Fisher in Support of Damages for Ben Fuentes (Exhibit 5); Declaration of Christopher Fuentes in support of damages (Exhibit 6); Declaration of Rafael Garza in support of damages (Exhibit 7); Declaration of Joe Anthony Gomez in support of damages (Exhibit 8); Declaration of Ruben Gonzalez in support of damages (Exhibit 9); Declaration of Blayne Fisher in Support of Damages for Brian Laso (Exhibit 10); Declaration of David Luera in support of damages (Exhibit 11); Declaration of Emmanuelle Pardo in support of damages (Exhibit 12); Declaration of Dillon Perez in support of damages (Exhibit 13); Declaration of Leroy Perez in support of damages (Exhibit 14); Declaration of Roel Ramirez in support of damages (Exhibit 15); Declaration of Christian Robles in support of damages (Exhibit 16); Declaration of Alex Rodriguez in support of damages (Exhibit 17); Declaration of Daniel Rodriguez in support of damages (Exhibit 18); Declaration of Reynaldo Rodriguez in support of damages (Exhibit 19); Declaration of Hilario Saenz in support of damages (Exhibit 20); Declaration of Jorge Salinas in support of damages (Exhibit 21); Declaration of Jose R. Salinas in support of damages (Exhibit 22); Declaration of Juan Salinas in support of damages (Exhibit 23); Declaration of Devin Smith in support of damages (Exhibit 24); Declaration of Leroy Smith in support of damages (Exhibit 25); Declaration of Jesus Trevino Jr. in support of damages (Exhibit 26); Declaration of Jesus Trevino Sr. in support of damages (Exhibit 27); Declaration of Blayne Fisher in Support of Damages for Juan Trigo (Exhibit 28); Declaration of of Blayne Fisher in Support of Damages for Rene Villagran (Exhibit 29); and Declaration of Clif Alexander in support of attorneys' fees (Exhibit 30).

## II.
## PROCEDURAL FACTS

On May 7, 2024, Plaintiffs Claud Farmer, Jose L. Salinas, and Ricardo Rodriguez, individually and on behalf of all Opt-In Plaintiffs and Putative Collective Members ("Plaintiffs"), brought this action to recover unpaid wages, overtime compensation, liquidated damages, attorneys' fees, costs,

and other damages allowed by law, pursuant to the Fair Labor Standards Act 29 U.S.C. §§ 201, *et seq.* ("FLSA").

Plaintiff Claud Farmer brought this action individually and on behalf of all current and former non-exempt Hourly Oilfield Workers[1] to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b). He also brought a Rule 23 class action to recover unpaid wages under a common-law *quantum meruit* claim of unjust enrichment.

Plaintiff Jose L. Salinas brought this action individually and on behalf of all current and former Day Rate Oilfield Workers[2] who were paid a day rate but no overtime to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b). He also brought a Rule 23 class action to recover unpaid wages under a common-law *quantum meruit* claim of unjust enrichment.

Plaintiff Ricardo Rodriguez brought this action individually and on behalf of all current and former Salaried Oilfield Workers[3] who were paid a salary and no overtime to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b). He also brought a Rule 23 class action to recover unpaid wages under a common-law *quantum meruit* claim of unjust

---

[1] Hourly Oilfield Workers include Gate Guards, Floor Hands, Drillers, Mechanics, Mechanic Helpers, Derrick Hands, Operators, Truck Drivers, Floor Hands / Derrick Hands, Derrickmen, Hot Shot Drivers, Sand Blasters, and Shop Supervisors.

[2] Day Rate Oilfield Workers include Rig Superintendents, Rig Supervisors, Supervisors, and Tool Pushers.

[3] Salaried Oilfield Workers include Coil Tubing Managers, Frac Manager, and Supervisors.

enrichment.[4]

On August 19, 2024, Defendants Michael Boothe ("Boothe") and Excell Operating, Inc., d/b/a Excell Operating Company, Inc. ("Excell") (together "Defaulting Defendants") were served by alternate service via Facebook Messenger. *See* ECF No. 23. Defendants failed to answer or otherwise defend with respect to Plaintiffs' Original Collective/Class Action Complaint.

On September 27, 2024, Plaintiffs filed a Motion for Clerk's Entry of Default Judgment against Defaulting Defendants. *See* ECF No. 27.

On October 18, 2024, the Clerk of this Court entered a default on the record as to Defaulting Defendants. *See* ECF No. 31.

On November 4, 2024, the Court entered an Order imposing a deadline of November 11, 2024 for Plaintiffs to file their Motion for Final Default Judgment. *See* ECF No. 35.

As of the filing of this Motion, Defaulting Defendants have not served any paper on the undersigned or filed any paper required by law in response to the Complaint. Accordingly, Plaintiffs now request entry of a Final Default Judgment in their favor against Defendants, Excell Operating, Inc., d/b/a Excell Operating Company, Inc., and Michael Boothe.

## II.
## DEFAULT JUDGMENT STANDARD

In the Fifth Circuit, there are three steps to obtaining a default judgment: (1) default; (2) entry of default; and (3) default judgment. *New York Life Ins. Co v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a). A default occurs when "defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.*; *see also* Fed. R. Civ. P. 55(a). The

---

[4] All Hourly Plaintiffs, Day Rate Plaintiffs, and Salary Plaintiffs are collectively referred to as "Plaintiffs".

clerk of court will enter a default when established by an affidavit or otherwise, and at that time a plaintiff may apply for a judgment based on the default. Fed. R. Civ. P. 55(a).

Where the procedural requirements are met, courts then consider six factors in determining whether default judgment is appropriate, including: (1) whether material facts are in dispute; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Once the Court determines that default is appropriate, it must consider whether a plaintiff's allegations state a claim so as to "provide a sufficient basis to support the entry of default judgment." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A defendant who has defaulted is deemed to have admitted the facts plead in plaintiff's complaint. *Id.* A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, the factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, a complaint that sufficiently states facts giving rise to a cause of action is sufficient to grant judgment on the facts.

### III.
### ARGUMENT & AUTHORITIES

The procedural requirements for default judgment have been met in this case. Defaulting Defendants were properly served with the Complaint on August 19, 2024, by alternate service via Facebook Messenger. *See* ECF No. 23. Defaulting Defendants failed to answer or otherwise respond to the Complaint within the timeframe required by the Federal Rules of Civil Procedure. As a result,

the Clerk of Court entered a default against the Defaulting Defendants on October 18, 2024. *See* ECF No. 31.

The Fifth Circuit's six factor assessment weighs in favor of the Court entering default judgment. First, no material issues of fact exist because, by failing to answer or otherwise respond to the Complaint, Defaulting Defendants have admitted to the well-pleaded allegations in Plaintiffs' Complaint, except regarding damages. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Defaulting Defendants had ample opportunity to contest Plaintiffs' factual allegations by responding to this lawsuit and failed to do so. Further, the Clerk entered default of against Defaulting Defendants on October 18, 2024. *See* ECF No. 31. Thus, Defaulting Defendants are deemed to have admitted Plaintiffs' well-pleaded allegations of fact in Plaintiffs; Original Collective/Class Action Complaint (ECF No. 1) and no material facts are in dispute.

Second, there has been substantial prejudice to Plaintiffs. Default judgment is particularly appropriate when a "[d]efendant's failure to respond threatens to bring the adversary process to a halt, effectively prejudicing plaintiff's interest." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citing *Sun Bank*, 874 F.2d at 276). Because Defaulting Defendants have been nonresponsive, and because Plaintiffs' have expended substantial effort in pursuing their unpaid wages, Plaintiffs' interests will be substantially prejudiced if default judgment is denied.

Third, Plaintiffs have established grounds for default. Defaulting Defendants were served with the Original Collective/Class Action Complaint, and upon Defaulting Defendants' failure to answer or otherwise respond, the Clerk of Court entered default.

Fourth, there is no evidence before the Court that a "good faith mistake or excusable neglect" caused the Defaulting Defendants' default. Also, Defaulting Defendants have failed to participate in this matter since being served with the Complaint which weights in favor of default judgment.

Fifth, default judgment is not harsh under the circumstances because Plaintiffs only seek "the relief to which [they are] entitled under the FLSA" and under Texas common law. *See Holladay v. OTA Training, LLC,* No. 3:14-CV-0519-B, 2015 WL 5916440, at *2 (N.D. Tex. Oct. 8, 2015). Under §§ 207 of the FLSA, an employer must pay its employees overtime compensation at a rate of one-and-one-half times the employee's regular rate for all work in excess of forty hours over the course of a workweek. 29 U.S.C. § 207(a)(1). Throughout the period of Plaintiffs' employment, Defaulting Defendants failed to compensate them for all hours worked and improperly withheld overtime pay. *See* ECF No. 1; Exs. 1-29. To make matters worse, in late 2023, Defaulting Defendants stopped paying Plaintiffs completely and they have not been paid at all for their work that was performed. *See* ECF No. 1; Exs. 1-29. Thus, Plaintiffs are entitled to relief under the FLSA and state law, and entry of default judgment against Defaulting Defendants would not be harsh under the circumstances.

Sixth, there are no facts in the record which would demonstrate "good cause" for setting aside the default judgment if challenged by Defaulting Defendants. *Lindsey*, 161 F.3d at 893.

Given that Defaulting Defendants are in default, Plaintiffs now move for the entry of Final Default Judgment. When ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (recognizing that judgment by default may be entered without a hearing where the amount claimed is "a liquidated sum or one capable of mathematical calculation"). As a general rule, courts may enter a default judgment awarding damages without a hearing if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits. *Deutsh v. Superior 1 Properties, LLC*, No. 1-15-CV-742-RP, 2015 WL 6845319, at *3 (W.D. Tex. Nov. 6, 2015) citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993).

Plaintiffs are seeking the entry of Final Default Judgment because the damages sought by Plaintiffs are damages for past unpaid wages, including overtime wages. The unpaid wages, including overtime wages are for an amount that is a "sum certain."

## IV.
## DAMAGES

Attached hereto as Exhibits "1" through "29" are the declarations of Plaintiffs and Opt-In Plaintiffs in support of their request for the entry of Final Default Judgment. Plaintiffs' declarations reflect the total damages claimed by them for unpaid wages, overtime wages, liquidated damages, post judgment interest, attorneys' fees, and costs as provided by the FLSA and Texas state law total $832,531.25. Ex. 1, ¶¶ 19-22; Ex. 2, ¶¶ 20-23; Ex. 3, ¶¶ 21-24; Ex. 4, ¶¶20-23; Ex. 5, ¶¶ 16-19; Exs. 6-7, ¶¶ 16-17; Ex. 8, ¶14; Ex. 9, ¶¶ 16-19; Ex. 10, ¶¶ 8-11; Ex. 11, ¶¶ 20-21; Exs. 12-14, ¶¶ 16-19; Ex. 15, ¶¶ 16-17; Ex. 16, ¶¶ 16-19; Ex. 17, ¶¶ 20-22; Ex. 18, ¶¶ 16-17; Ex. 19, ¶¶ 16-19; Exs. 20-21, ¶¶ 16-17; Ex. 22, ¶¶ 15-16; Ex. 23, ¶¶ 16-19; Ex. 24, ¶¶ 16-17; Ex. 25, ¶¶ 20-21; Exs. 26-27, ¶¶ 16-17; Ex. 28, ¶¶ 8-9; Ex. 29, ¶¶ 8-11; Ex. 30. Plaintiffs' Declaration and the allegations in the Complaint are sufficient to support the entry of Final Judgment. *See Freilich v. Green Energy Res., Inc.*, 297 F.R.D. 277, 280 (W.D. Tex. 2014) ("After a default judgment is entered, all well-pleaded factual allegations in the plaintiff's complaint are taken as true.").

**A.     FLSA Damages**

Plaintiffs are claiming all available relief, including compensation, liquidated damages, post judgment interest, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) and Texas common law. Plaintiffs' claims for compensation include unpaid wages and unpaid overtime wages. Plaintiffs are entitled to liquidated damages in an amount equal to the unpaid wages as a matter of law. 29 U.S.C. § 216(b). Plaintiffs worked long hours and have not been paid overtime compensation at the rate required by the FLSA for hours worked over forty (40) in a workweek.

### 1. *Unpaid Overtime Wages*

The FLSA obligates an employer to compensate its employees at one-and-one-half times their regular rate for any workweek in which the employees work more than forty hours. 29 U.S.C. § 207(a)(1). Defaulting Defendants have knowingly and deliberately failed to compensate all Plaintiffs for all hours worked in excess of forty each week on a routine and regular basis. To make matters worse, Defaulting Defendants have failed to compensate Plaintiffs at all.

The FLSA requires that minimum wage and overtime compensation earned during a workweek must be paid on the regular payday for the period in which the workweek ends. *See* 29 C.F.R. § 790.21(b); see also 29 C.F.R. § 778.106.

Often times Plaintiffs did not receive their pay and/or overtime pay until weeks later in violation of the most basic tenets of the FLSA—that is, a day late truly is a dollar short. To make matters worse, in late 2023, Defaulting Defendants stopped paying Plaintiffs completely and they have not been paid at all for their work that was performed.

Plaintiffs have established that Defaulting Defendants violated the overtime provisions of the FLSA with respect to Plaintiffs, and they are entitled to damages for all unpaid overtime compensation. *See generally,* ECF No. 1; Exs. 1-29. Specifically, Defaulting Defendants did not pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week, and at times failed to compensate them at all. Because Defaulting Defendants violated the minimum wage and overtime provisions of the FLSA, Plaintiffs are entitled to damages for all unpaid minimum wage and overtime compensation.

Plaintiffs worked for Defaulting Defendants. *See* ECF No. 1, ¶¶ 2-17, 22-28, 39, 41-202, 212-215, 218-225, 227-233, 240-247, 250-257, 259-265, 272-279, 282-289, 291-297, 305-310, 313, 318; *see generally* Exs. 1-29. Plaintiffs were scheduled to (and did) work long hours and routinely worked in excess of forty (40) hours each workweek. *See* ECF No. 1, ¶¶ 4, 6, 8, 12, 20, 23, 26, 84, 91-93, 100-

101, 114, 118, 128-129, 154, 165, 168, 172, 193-195, 198, 218-225, 230, 233, 250-251, 255-257, 262, 265, 282-289, 294, 297; Ex. 1, ¶¶ 14, 17-18, 20; Ex. 2, ¶¶ 15, 19, 21; Ex. 3, ¶¶ 15-16, 20, 22; Ex. 4, ¶¶ 14-15, 19, 21; Ex. 5, ¶¶ 11, 13, 15, 18; Ex. 6, ¶¶ 11, 13, 15; Ex. 7, ¶¶ 11, 13, 15; Ex. 8, ¶¶ 10, 13; Ex. 9, ¶¶ 11, 13, 15, 17; Ex. 10-A, ¶¶ 10-14; Ex. 11, ¶¶ 14-15, 19; Exs. 12-14, ¶¶ 11, 13, 15, 17; Ex. 15, ¶¶ 11, 13, 15; Ex. 16, ¶¶ 11, 13, 15, 17; Ex. 17, ¶¶ 14-15, 19; Ex. 18, ¶¶ 11, 13, 15; Ex. 19, ¶¶ 11, 13, 15, 17; Exs. 20-21, ¶¶ 11, 13, 15; Ex. 22, ¶¶ 10, 12, 14; Ex. 23, ¶¶ 11, 13, 15, 17; Ex. 24, ¶¶ 11, 13, 15; Ex. 25, ¶¶ 15, 19; Ex. 26, ¶¶ 11, 13, 15; Ex. 27, ¶¶ 11, 13, 15; Ex. 28-A, ¶¶ 9-10; Ex. 29-A, ¶¶ 11, 14.

Hourly Plaintiffs were paid an hourly rate but were not paid overtime compensation at the proper rate for all hours worked in excess of forty (40) hours per workweek during the entirety of their employment. Ex. 1, ¶¶ 13, 18; Ex. 6, ¶ 12; Ex. 7, ¶ 12; Ex. 8, ¶ 11; Exs. 9-10, 12-16, 18-21, ¶ 12; Ex. 22, ¶ 11; Exs. 23-24, 26-29, ¶ 12;

Day Rate Plaintiffs were paid a day rate but were not paid overtime compensation at the proper rate for all hours worked in excess of forty (40) hours per workweek during the entirety of their employment. Exs. 2, 4, 17, 25, ¶¶ 16-17.

Salary Plaintiffs were paid a salary but were not paid overtime compensation at the proper rate for all hours worked in excess of forty (40) hours per workweek during the entirety of their employment. Ex. 3, ¶¶ 17-18; Ex. 11, ¶¶ 16-17.

Plaintiffs' declarations detail the hours worked for Defaulting Defendants, the work schedule set by Defaulting Defendants, and the illegal pay practices imposed by Defaulting Defendants. *See generally* Exs. 1-29.

Therefore, Plaintiffs are owed overtime wages in an amount of $255,201.27. *See* Ex. 1, ¶¶ 19-22; Ex. 2, ¶¶ 20-23; Ex. 3, ¶¶ 21-24; Ex. 4, ¶¶ 20-23; Ex. 5, ¶¶ 16-19; Exs. 6-7, ¶¶ 16-17; Ex. 8, ¶14; Ex. 9, ¶¶ 16-19; Ex. 10, ¶¶ 8-11; Ex. 11, ¶¶ 20-21; Exs. 12-14, ¶¶ 16-19; Ex. 15, ¶¶ 16-17; Ex. 16, ¶¶ 16-19; Ex. 17, ¶¶ 20-22; Ex. 18, ¶¶ 16-17; Ex. 19, ¶¶ 16-19; Exs. 20-21, ¶¶ 16-17; Ex. 22, ¶¶ 15-16;

Ex. 23, ¶¶ 16-19; Ex. 24, ¶¶ 16-17; Ex. 25, ¶¶ 20-21; Exs. 26-27, ¶¶ 16-17; Ex. 28, ¶¶ 8-9; Ex. 29, ¶¶ 8-11.

### 2. *Liquidated Damages*

Under the FLSA a district court generally must award a prevailing plaintiffs liquidated damages that are equal in amount to the plaintiffs' actual damages. *Owens v. Marstek, LLC*, 548 F. App'x 966, 972 (5th Cir. 2013); *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998); 29 U.S.C § 216(b). Pursuant to 29 U.S.C. § 260, a Court may decline to award liquidated damages, but only if an employer shows to the satisfaction of the Court that the failure to pay a plaintiffs overtime wages was done in both good faith and that the employer had a reasonable basis for believing that his failure to pay overtime wages was not in violation of the FLSA. *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 226–27 (5th Cir. 1991); *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) (quoting S*inger v. City of Waco, Tex.*, 324 F.3d 813, 822 (5th Cir. 2003)). An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Nero v. Industrial Molding Corp.*, 167 F.3d 921, 921 (5th Cir. 1999) ("Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith."). To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 194 (5th Cir. 1985).

In this case, Plaintiffs have alleged that Defendants' violations of the FLSA were neither reasonable nor in good faith and there is nothing in the record to contradict these assertions. *See* ECF No. 1, ¶¶ 105, 161, 205, 223, 255, 287. As Defendants are in default and have failed to answer or otherwise respond to the Complaint, the Defendants cannot carry their burden to prove that their

violation of the FLSA was both in good faith and reasonable that would make it unfair to impose liquidated damages upon them. Furthermore, by failing to respond to Plaintiffs' Complaint, Defendants have admitted all facts pleaded in Plaintiffs' complaint, including that the overtime wage violations were willful. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

Therefore, Plaintiffs are owed liquidated damages in addition to the overtime wages owed. Specifically, Plaintiffs are owed $255,201.27 in liquidated damages. *See* Ex. 1, ¶¶ 19-22; Ex. 2, ¶¶ 20-23; Ex. 3, ¶¶ 21-24; Ex. 4, ¶¶20-23; Ex. 5, ¶¶ 16-19; Exs. 6-7, ¶¶ 16-17; Ex. 8, ¶14; Ex. 9, ¶¶ 16-19; Ex. 10, ¶¶ 8-11; Ex. 11, ¶¶ 20-21; Exs. 12-14, ¶¶ 16-19; Ex. 15, ¶¶ 16-17; Ex. 16, ¶¶ 16-19; Ex. 17, ¶¶ 20-22; Ex. 18, ¶¶ 16-17; Ex. 19, ¶¶ 16-19; Exs. 20-21, ¶¶ 16-17; Ex. 22, ¶¶ 15-16; Ex. 23, ¶¶ 16-19; Ex. 24, ¶¶ 16-17; Ex. 25, ¶¶ 20-21; Exs. 26-27, ¶¶ 16-17; Ex. 28, ¶¶ 8-9; Ex. 29, ¶¶ 8-11.

Plaintiffs' total damages for overtime violations, including both actual and liquidated damages, should be set in the final judgment in the amount of $510,402.54. *Id.*

### 3. *Post-Judgment Interest*

Interest "shall be allowed on any money judgment in a civil case recovered in district court." 28 U.S.C. § 1961(a). Such an award is mandatory under 28 U.S.C. § 1961 and should be awarded by the district court "as a matter of course." *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725 (E.D. Tex. Nov. 26, 2013). Furthermore, damages awarded under the FLSA are permitted post-judgment interest. *Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 751-52 (5th Cir. 1983).

As a result, the Court should grant Plaintiffs' request that post-judgment interest be included in the judgment entered under this Order.

**B. Unpaid Wage Damages**

Plaintiffs provided valuable services for Defaulting Defendants, at Defaulting Defendants' direction and with Defaulting Defendants' acquiescence.

Defaulting Defendants accepted Plaintiffs' services and benefited from Plaintiffs' services.

Defaulting Defendants were aware that Plaintiffs expected to be compensated for the services he provided to Defaulting Defendants.

Defaulting Defendants has therefore benefited from services rendered by the Plaintiffs and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

Defaulting Defendants failed to pay Plaintiffs any compensation from approximately late 2023, when Defaulting Defendants stopped paying Plaintiffs at all. *See* Ex. 1, ¶¶ 15-22; Ex. 2, ¶¶ 18-23; Ex. 3, ¶¶ 19-24; Ex. 4, ¶¶ 18-23; Ex. 5, ¶¶ 14-19; Ex. 6-7, ¶¶ 14-17; Ex. 8, ¶¶ 12-14; Ex. 9, ¶¶ 14-19; Ex. 10, ¶¶ 7-11; Ex. 11, ¶¶ 18-21; Exs. 12-13, ¶¶ 14-19; Ex. 14, ¶¶ 14-19; Ex. 15, ¶¶ 14-17; Ex. 16, ¶¶ 14-19; Ex. 17, ¶¶ 18-22; Ex. 18, ¶¶ 14-17; Ex. 19, ¶¶ 14-19; Exs. 20-21, ¶¶ 14-17; Ex. 22, ¶¶ 13-16; Ex. 23, ¶¶ 14-19; Ex. 24, ¶¶ 14-17; Ex. 25, ¶¶ 18-21; Ex. 26, ¶¶ 14-17; Ex. 27, ¶¶ 14-17; Ex. 28, ¶¶ 7-9; Ex. 29, ¶¶ 8-11. This is compensable time under the FLSA and Texas common law. *See id.* Indeed, Plaintiffs worked for Defendants during this period, but Plaintiffs have not been paid at all since late 2023. *See id.*

Therefore, in addition to unpaid overtimes for this period, Plaintiffs are owed $237,153.66 in unpaid wages. *See id.*

**C. Contractual Damages**

Plaintiffs are claiming all available relief, including unpaid wages, per diem, vehicle and trailer allowances pursuant to their employment agreement with Defaulting Defendants. *See* ECF No. 1, Exs. 1-29. Plaintiff are owed unpaid vehicle and trailer usages allowances and per diem allowances that are rightfully due and payable to them under the terms of the agreement between Plaintiffs and Defaulting Defendants. *See* Ex. 1, ¶¶ 15-22; Ex. 2, ¶¶ 18-23; Ex. 3, ¶¶ 19-24; Ex. 4, ¶¶ 18-23; Ex. 5, ¶¶ 14-19; Ex.

6-7, ¶¶ 14-17; Ex. 8, ¶¶ 12-14; Ex. 9, ¶¶ 14-19; Ex. 10-A, ¶¶ 10-14; Ex. 11, ¶¶ 18-21; Exs. 12-13, ¶¶ 14-19; Ex. 14, ¶¶ 14-19; Ex. 15, ¶¶ 14-17; Ex. 16, ¶¶ 14-19; Ex. 17, ¶¶ 18-22; Ex. 18, ¶¶ 14-17; Ex. 19, ¶¶ 14-19; Exs. 20-21, ¶¶ 14-17; Ex. 22, ¶¶ 13-16; Ex. 23, ¶¶ 14-19; Ex. 24, ¶¶ 14-17; Ex. 25, ¶¶ 18-21; Ex. 26, ¶¶ 14-17; Ex. 27, ¶¶ 14-17; Ex. 28, ¶¶ 8-9; Ex. 29, ¶¶ 8-11.

Defendants were to compensate Plaintiffs with a vehicle or trailer allowance for use of their personal vehicle or trailer and/or were to compensate Plaintiffs a per diem amount per day. *See* ECF No. 1, Exs. 1-29. However, Plaintiffs did not (and have not, to date) received compensation for their vehicle and trailer allowance since late 2023 when Defaulting Defendants stopped paying Plaintiffs all together.

Therefore, in addition to unpaid wages and overtimes wages, Plaintiffs are owed $55,905.00 in unpaid wages in personal vehicle and trailer usage allowances and per diem allowances . *See id.*

### D. Total Damages

Based on the foregoing and as shown by Plaintiffs' Declarations, Plaintiffs are owed $803,461.20 consisting of $255,201.27 in unpaid overtime wages, $255,201.27 in liquidated damages, $237,153.66 in unpaid straight time wages, and $55,905.00 in unpaid vehicle and/or trailer allowances and/or unpaid per diem. *See* Ex. 1, ¶¶ 19-22; Ex. 2, ¶¶ 20-23; Ex. 3, ¶¶ 21-24; Ex. 4, ¶¶20-23; Ex. 5, ¶¶ 16-19; Exs. 6-7, ¶¶ 16-17; Ex. 8, ¶14; Ex. 9, ¶¶ 16-19; Ex. 10, ¶¶ 8-11; Ex. 11, ¶¶ 20-21; Exs. 12-14, ¶¶ 16-19; Ex. 15, ¶¶ 16-17; Ex. 16, ¶¶ 16-19; Ex. 17, ¶¶ 20-22; Ex. 18, ¶¶ 16-17; Ex. 19, ¶¶ 16-19; Exs. 20-21, ¶¶ 16-17; Ex. 22, ¶¶ 15-16; Ex. 23, ¶¶ 16-19; Ex. 24, ¶¶ 16-17; Ex. 25, ¶¶ 20-21; Exs. 26-27, ¶¶ 16-17; Ex. 28, ¶¶ 8-9; Ex. 29, ¶¶ 8-11. Plaintiffs' Declarations are the best evidence of their hours worked as Defaulting Defendants failed to participate in this case. *See id.*

## V.
## ATTORNEYS' FEES AND COSTS

As Plaintiffs filed suit for violations of the FLSA, Plaintiffs are entitled to recover their reasonable attorney's fees and costs under the FLSA. *See* 29 U.S.C. § 216(b). Specifically, 29 U.S.C. § 216(b) authorizes an award of attorneys' fees and costs to the prevailing plaintiffs in any proceedings to enforce the provisions of the FLSA.

Under the FLSA, the award of attorney's fees is mandatory, and courts have long recognized that to achieve the remedial goal of the FLSA attorney's fees must be awarded. *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016). Awarding employees their attorney's fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, No. 3:01-cv-00070, WL 3591962 at *3 (M.D. Ga. Dec. 30, 2005).

In *Hensley v. Eckerhart*, the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." 461 U.S. 424, 433 (1983); *accord Saizan v. Delta Concrete Prod. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). To determine the amount of attorney's fees to be awarded, the Fifth Circuit utilizes a two-step process to derive the lodestar. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995). Under this method, a court first determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *See id.* at 324. Then, the court must determine a lodestar by multiplying the reasonable hours by the reasonable hourly rates. *See id.* (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

There is a strong presumption of the reasonableness of the lodestar amount. *See Saizan,* 448 F.3d at 800. However, after calculating the lodestar, the court may adjust the lodestar amount upward or downward based upon its analysis of twelve factors enumerated in *Johnson v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Id.* The twelve factors enumerated in *Johnson* are as follows:

(1) The time and labor required to represent the client or clients;

(2) The novelty and difficulty of the issues in the case;

(3) The skill required to perform the legal services properly;

(4) The preclusion of other employment by the attorney;

(5) The *customary fee charged for those services in the relevant community;*

(6) Whether the fee is fixed or contingent;

(7) The time limitations imposed by the client or circumstances;

(8) The *amount involved and the results obtained;*

(9) The *experience, reputation, and ability of the attorney;*

(10) The undesirability of the case;

(11) The nature and length of the professional relationship with the client; and

(12) Awards in similar cases.

*Johnson,* 488 F.2d at 717–19 (emphasis added).

Fee applicants bear the burden of establishing the appropriate hours and hourly rates and proving they exercised billing judgment. *See id.; see also Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th Cir. 2002); *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). A fee applicant can only meet their burden by presenting evidence that is adequate for a court to determine what hours should be included in the reimbursement. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Thus, courts generally require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for non-compensable hours. *See id.*

1. **Hours Claimed**

A court's first step in determining reasonable attorney's fees is to determine whether the hours claimed were reasonably expended on the litigation. *See id.* Courts should examine both whether the total number of hours claimed is reasonable and whether specific hours claimed were reasonably expended. *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). If the hours are not reasonably expended, they should be excluded from the initial fee calculation. *See Kellstrom*, 50 F.3d at 324. The Declaration of Clif Alexander contains a certification that the hours claimed are well grounded and in fact justified. *See* Declaration of Clif Alexander, attached hereto as Exhibit 30. Sworn testimony by counsel that the hours were spent litigating this case is evidence of considerable weight of the time required and it must appear that the time is obviously and convincingly excessive to reduce the hours. *See Perkins v. Mobile Housing Authority*, 847 F.2d 738 (11th Cir. 1988).

**2. Hourly Rate**

Once the court determines whether the hours are reasonable, it must determine the market rate. The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question. *Uphoff v. Elegant Bath, Ltd.*, 176 F3d 399 (7th Cir. 1999). The burden of proving the market rate is on the party seeking the fee award, but once the prevailing party's attorney provides evidence of establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded. *Id.* By his declaration, attorney Clif Alexander has demonstrated that he is familiar with the rates charged by attorneys with similar experience in the Southern District of Texas. *See* Ex. 30. Attorney Clif Alexander has practiced exclusively in the area of employment law for sixteen (16) years.

Importantly, Defaulting Defendants failed to present any evidence that the rates requested are not reasonable rates for an attorney in the Southern District of Texas with the experience and

qualifications of Plaintiffs' counsel. Plaintiffs have met their burden of showing that a reasonable hourly rate for their attorney is $650.00 in this matter.

Finally, as stated in the Declaration of Clif Alexander, Plaintiffs have incurred costs of $3,225.05 in filing fees, service of process, postage, and research fees. *See* Ex. 30. Plaintiffs are entitled to reimbursement of their costs permitted under 28 U.S.C. §1920. *See* 29 U.S.C. § 216.

WHEREFORE, Plaintiffs requests the entry of a Final Default Judgment in their favor and against Defaulting Defendants in the principal amount of $803,461.20 plus $25,845.00 in attorneys' fees and $3,225.05 in costs for a total of $832,531.25.

Date:   November 18, 2024            Respectfully submitted,

*/s/ Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
Federal I.D. No. 1138436
clif@a2xlaw.com
**Austin Anderson**
Texas Bar No. 24045189
Federal I.D. 777114
austin@a2xlaw.com
**Blayne Fisher**
Texas Bar No. 24090099
Federal I.D. 4736300
blayne@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
team@a2xlaw.com

*Attorneys in Charge for Plaintiffs, Opt-In Plaintiffs, and Putative Collective/Class Members*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. A true and accurate copy of the foregoing was mailed to the following by Certified US Mail:

**Via Email:**
Thomas L. Swarek
swarekthomas@aol.com

**Via Email:**
Zackry Maxey
zack@bullzeyewireline.com
james.nealon@nealon-law.com

**Via Email:**
Keith Maxey
keith@bullzeyewireline.com
james.nealon@nealon-law.com

**Via Email:**
Bullzeye Oilfield Services, LLC
c/o Keith Maxey
keith@bullzeyewireline.com
james.nealon@nealon-law.com

**Via CM/RRR: 7020 2450 0000 8875 9737
& First-Class Mail:**
Excell Operating, Inc.
303 County Road 308
Tilden, TX 78072

**Via CM/RRR: 7020 2450 0000 8875 9744
& First-Class Mail:**
Michael Boothe
303 County Road 308
Tilden, TX 78072

*/s/ Clif Alexander*
Clif Alexander