Case 2:24-cv-00109   Document 48   Filed on 07/28/25 in TXSD   Page 1 of 4
United States District Court
Southern District of Texas
**ENTERED**
July 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLAUDE FARMER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00109 |
| | § | |
| EXCELL OPERATING, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

In a collective action brought under the Fair Labor Standards Act of 1938 ("FLSA")[1] and class action under the equitable doctrine of quantum meruit, twenty-eight oilfield workers seek to recover unpaid wages, overtime pay, liquidated damages, attorney fees, and costs. (D.E. 1). Plaintiffs timely served their employers, some of whom have answered. (D.E. 26; D.E. 45). Others have not appeared, and Plaintiffs obtained an entry of default against those Defendants. (D.E. 31). Plaintiffs now move for default judgment against the defaulting Defendants. (D.E. 44) (amended motion for default judgment); *see also* (D.E. 40) (original motion for default judgment). After review, the Court **DENIES** Plaintiffs' amended motion for default judgment, (D.E. 44), and **DENIES as moot** Plaintiffs' original motion for default judgment, (D.E. 40).

### I. Facts[2]

Plaintiffs Claude Farmer,[3] Jose L. Salinas, and Ricardo Rodriguez brought this FLSA action individually and on behalf of all current and former non-exempt hourly, day rate, and

---

[1] 29 U.S.C. § 201–19.

[2] The Court relies on Plaintiffs' well-pled factual allegations, as they are deemed admitted by the defaulting Defendants. *See Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

[3] The amended motion for default judgment spells Plaintiff Claude Farmer's name differently than the

salaried oilfield workers who were employed by Defendants at any time from May 7, 2021, through the final disposition of this case. (D.E. 1, p. 1–2). Plaintiffs also brought a Rule 23 class action to recover unpaid gap time wages on a quantum meruit theory. *Id.* Plaintiffs assert they were employed by Defendants in various capacities as Oilfield Workers. *See id.* at 1 n.1, 2 n.2 (listing Plaintiffs' various job titles). Plaintiffs allege Defendants did not adequately compensate Plaintiffs "for all of their hours worked and . . . overtime under the FLSA or state law." *Id.* at 5. Thus, Plaintiffs seek to recover all earned straight time wages, unpaid overtime, liquidated damages, and other damages under the FLSA. *See id.*

## II. Default Judgment

Even in the clear presence of default, a plaintiff is not "entitled to a default judgment as a matter of right." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). The court retains the "discretion to enter a default judgment against a defendant." *Whirlpool Corp. v. YiHangGou Trading Co.*, No. 2:20-CV-00341, 2021 WL 6066353, at *2 (E.D. Tex. Aug. 12, 2021) (Payne, Mag. J.) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)), *adopted*, No. 2:20-CV-00341, 2021 WL 6063689 (E.D. Tex. Dec. 22, 2021) (Gilstrap, J.). In exercising this discretion, the Court remains mindful that "default judgments are disfavored." *Lindsey*, 161 F.3d at 893; *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." (citations omitted)).

The Court will not create the possibility of an "unseemly and absurd" result by granting a default judgment against the non-appearing Defendants when other Defendants have appeared. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). To do so would disregard the "possibility that the

---

complaint. *Compare* (D.E. 44, p. 1), *with* (D.E. 1, p. 1). The Court adopts the spelling in the complaint.

remaining defendants would show the allegations underlying that judgment were false." *Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022). Recognizing that "[i]nconsistent default judgments, like inconsistent judgments more generally, are strongly disfavored[,]" the Fifth Circuit has emphasized that "courts may not grant default judgment against one defendant if doing so would conflict with the position taken by another defendant." *Id.* (citation omitted). Accordingly, courts in this circuit have repeatedly avoided the potential for inconsistent adjudications by withholding a default judgment when multiple defendants would share joint liability. *E.g.*, *Maiden Biosciences, Inc. v. Document Sec. Sys., Inc.*, No. 3:21-CV-0327, 2022 WL 17253646, at *3 (N.D. Tex. Nov. 28, 2022) (Fitzwater, J.) (collecting cases); *Progressive Com. Cas. Ins. Co. v. Xpress Transp. Logistics, LLC*, No. H-21-2683, 2022 WL 6779078, at *8 (S.D. Tex. Oct. 11, 2022) (Rosenthal, C.J.) (declining to enter a default judgment to avoid "inconsistent judgments and prejudice [to] the rights afforded" non-defaulting defendants).

Here, Plaintiffs assert that Defendants "may be technically separate, but in fact are related or overlapping employers." (D.E. 1, p. 11). And, even if Plaintiffs had not pled that Defendants operated a collective enterprise qualifying them as joint employers, the FLSA imposes joint and several liability for unpaid wages. *Hernandez v. Larry Miller Roofing, Inc.*, 628 F. App'x 281, 285 (5th Cir. 2016). Thus, Plaintiffs' amended motion for default judgment presents a possibility of incongruous judgments (liability for the defaulting Defendants but non-liability for the non-defaulting Defendants). Denying Plaintiffs' amended motion for default judgment avoids the possibility of inconsistent judgments. Further, the issues it would be necessary for the Court to decide in issuing a default judgment—such as collective and class action certification—are ones the appearing Defendants may contest. The Court will not prejudice these Defendants' ability to do so.

Plaintiffs have obtained an entry of default against defaulting Defendants, (D.E. 31), and need not take any further action regarding those Defendants. However, the Court will not deprive the Defendants who have answered of their opportunity to address the merits of this case, nor will the Court allow for the possibility of inconsistent judgments *against* the defaulting Defendants but *in favor* of the appearing Defendants.

### III. Conclusion

Accordingly, the Court **DENIES** Plaintiffs' amended motion for default judgment, (D.E. 44), and **DENIES as moot** Plaintiffs' original motion for default judgment, (D.E. 40).

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
July 28th, 2025